PD-0574-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/5/2015 10:07:02 AM
Accepted 6/8/2015 3:22:29 PM
ABEL ACOSTA
CLERK

CASE NO. PD-0574-15

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

## GEORGE RILEY WILLIAMS, JR.

## V.

## STATE OF TEXAS

Appeal from the 10th Court of Appeals
Case No. 10-15-00028-CR

## PETITIONER'S REPLY TO STATE'S RESPONSE
## TO PETITION FOR DISCRETIONARY REVIEW

**LANE D. THIBODEAUX**
State Bar No. 19834000
Law Office of Lane D. Thibodeaux
P.O. Box 523
308 North Washington
Bryan, Texas 77806
Telephone: (979)775-5700
Facsimile: (979)822-1979
Email: lanet1@msn.com
Attorney for Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

June 8, 2015

ABEL ACOSTA, CLERK

# INDEX OF AUTHORITIES

Cases

***Blanco v. State,***
18 S.W.3d 218 (Tex.Crim.App. 2000)..........................................ii, 1

***Blanco v. State,***
996 S.W.2d 345 (Tex.App. – Texarkana 1999)
*reversed* 18 S.W.3d 218 (Tex.Crim.App. 2000) .........................1, 2

***Jacobo-Salas v. State,***
No. 01-09-00899-CR, 2010 W.L. 2133939
(Tex.App. – Houston [1st Dist.] 2010, no pet.)............................2

***Jenkins v. State,***
No. 01-00-01187-CR, 2001 WL 783698
(Tex. App. – Houston [1st Dist.] 2001, pet. ref'd)........................2

***Lundgren v. State,***
434 S.W.3d 594 (Tex.Crim.App. 2014)...................................ii, 2

***Ex parte Reedy,***
282 S.W.3d 492 (Tex.Crim.App. 2009)...................................ii, 2

***Trevino v. Thaler,***
133 S.Ct. 1191 (2013) ...........................................................2, 3

Rules

Rule 21.4 TEX.R.APP.P...............................................................3

## PETITIONER'S GROUND FOR REVIEW

Whether Waiver of Right to Appeal, Executed at the Punishment Stage of Trial as part of a Plea Bargain Agreement, Waives Appeal of Later Matters Raised and Ruled on at the Motion for New Trial Stage

## STATE'S RESPONSE TO PETITIONER'S GROUND FOR REVIEW

This Court has already considered and rejected Appellant's issue. *See Lundgren v. State*, 434 S.W.3d 594, 598 (notice of appeal was not effective because defendant entered into a binding appellant entered into a binding appellate wavier as part of his plea bargain agreement); *Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex.Crim.App. 2000)

Appellant has not demonstrated that the court of appeals' opinion is in conflict with any established precedent of law. *See Taylor v. State*, 55 S.W.3d 584, 585 (Tex.Crim.App. 2001)

## PETITIONER'S REPLY TO STATE'S RESPONSE

This Court has *not* considered Petitioner's ground for review regarding whether a general waiver of appeal is effective to waive post conviction stage appeals, specifically, a ruling on a non-waived timely filed and ruled upon motion for new trial in light of the holdings and reasoning in *Lundgren v. State*, 301 S.W.3d 694 (Tex.Crim.App. 2014) and *Ex parte Reedy*, 282 S.W.3d 492 (Tex.Crim.App. 2009)

CASE NO. PD-0574-15

TO THE COURT OF CRIMINAL APPEALS OF
THE STATE OF TEXAS

GEORGE RILEY WILLIAMS, JR.

V.

STATE OF TEXAS

PETITIONER GEORGE RILEY WILLIAMS, JR.'S
REPLY TO STATE'S RESPONSE TO
PETITION FOR DISCRETIONARY REVIEW

GEORGE RILEY WILLIAMS, JR., Petitioner, respectfully urges this Court

to grant discretionary review of the above named cause, pursuant to the rules of the

Court and would show the Court the following:

**This Court has *not* considered Petitioner's ground for review
regarding whether a general waiver of appeal is effective to waive
post-conviction stage appeals, specifically, a ruling on a non-waived,
timely filed and ruled upon Motion for New Trial in light of the
holdings of *Lundgren v. State*, 301 S.W.3d 694 (Tex.Crim.App. 2014)
and *Ex parte Reedy*, 282 S.W.3d 492 (Tex.Crim.App. 2009)**

In their Response, the State argues *Blanco v. State*[1] controls resolution of

Petitioner's ground for review. This is not the case. Included in the waivers signed

_____

[1] *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App. 2000).

1

by the defendant in *Blanco* was a waiver of the filing of a motion for new trial.[2] In this case, in contrast to *Blanco*, there was no such waiver of the filing of a motion for new trial. *Blanco*, therefore, does *not* address the specific ground of review raised in this Court: Does a general waiver of appeal as part of a plea bargain agreement, waive appeal of later matters raised during a non-waived, post-conviction Motion for New Trial hearing?

The two other unpublished cases cited by the State[3] in support of their argument that Petitioner's ground for review is settled, actually support grant of review. Each illustrate the need for resolution of the legal issue now squarely before this Court. *Jenkins* was decided before this Court's decision in *Ex parte Reedy*.[4] Both were decided before this Court's decision in *Lundgren v. State*[5] and the Supreme Court of the United States decision in *Trevino v. Thaler*.[6] The issue presented is legally significant, not settled, and is ripe for decision.

---

[2] *Blanco v. State*, 996 S.W.2d 345, 346 (Tex.App.-Texarkana 1999) *reversed* 18 S.W.3d 218 (Tex.Crim.App. 2000) ("Following the return of the jury's verdict of guilty, and before the trial court could impose sentence, Blanco and the State reached an agreement. This agreement contained a waiver of Blanco's right to file a motion for new trial, a notice of appeal, or to prosecute an appeal.)

[3] *Jacobo-Salas v. State*, No. 01-09-00899-CR, 2010 W.L. 2133939 (Tex.App. – Houston [1st Dist.] 2010, no pet.); *Jenkins v. State*, No. 01-00-01187-CR, 2001 WL 783698 (Tex.App. – Houston [1st Dist.] 2001, pet. ref'd).

[4] *Ex parte Reedy*, 282 S.W.3d 492 (Tex.Crim.App. 2009).

[5] *Lundgren v. State*, 434 S.W.3d 594 (Tex.Crim.App. 2014).

[6] *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).

The State argues Petitioner's ineffective assistance of counsel claims, among others, urged at the Motion for New Trial stage can be raised on collateral habeas review.[7] This legally correct statement nevertheless supports grant. The Supreme Court of the United States decision in *Trevino* contains language implying Texas direct appeal deadlines are constitutionally infirm. ("[Texas procedural system] structure, design, and operation – does not offer most defendant's a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal.")[8]

State habeas filings do not require appointment of counsel for the indigent defendant. This places defendants in the position of Petitioner at a significant disadvantage: Indigent defendants do not have a right of access to post-conviction appointed counsel, except at the motion for new trial and direct appeal stages. Further, as applied to Petitioner, appellate counsel was not appointed until ten (10) days before the deadlines imposed by Rule 21.4 of the Texas Rules of Appellate Procedure for filing of a motion for new trial in the trial court.

Petitioner's trial counsel candidly testified at the hearing on Motion for New Trial of his failure to advise Petitioner of his right to file a Motion for New Trial.

---

[7] State's Response pg. 14.

[8] *Trevino,* 133 S.Ct. at 1921 (The specific issue in *Trevino* was death penalty litigation. As applied to this case, however, because indigent habeas counsel is not required to appointed for non-death penalty post conviction habeas litigation, Petitioner's length of confinement (30 years TDCJ-ID) and Petitioner's age, the reasoning is applicable.)

Appeals concerning state and federal constitutional challenges to the deadlines imposed for the filing of a Motion for New Trial as they were applied to him.

*Ex parte Reedy* is, as the State recites, a post-conviction habeas case standing for the legal proposition a trial level antecedent waiver of the right to file post-conviction state habeas is invalid under certain circumstances. *Ex parte Reedy* is significant to grant in this case for several reasons. First, *Ex parte Reedy* illustrates the disparity of *not allowing* antecedent waivers to preclude later post-conviction attack (under certain circumstances) by habeas writ, yet *allowing* complete preclusion of appeal despite secured rulings at the post-conviction stage of motion for new trial.

Second, the State argues in their Response, "[Appellant] never argued that his alleged errors were unforeseeable at the time the plea bargain was entered into, and the waiver was signed."[9] This argument is based on the invalidity of the trial court level waiver of post-conviction habeas attacks as was held in *Ex parte Reedy*. These arguments related to the "foreseeability" of trial counsel's alleged constitutional ineffectiveness are properly addressed following decision by this Court of the presented question and remand for a merits decision by the Court of Appeals. Petitioner would, nevertheless, point to the evidentiary record made in the Trial Court and argue it was unforeseeable trial counsel would *not* inform

_____

[9] State's Response, ftnt 1.

4

Petitioner that he had an unconditional right to file a Motion for New Trial, notwithstanding other waivers.

Finally, the State argues "Allowing [Petitioner] to appeal despite this waiver would allow defendants to enter into plea bargain agreements without requiring them to uphold their part of their agreement."[10] This statement does not take into account a Motion for New Trial is the first post-conviction means available to any defendant to attack a conviction. This is reinforced by the wavier of the filing of a Motion for New Trial present in *Blanco* and absent here. To *allow* the filing of a Motion for New Trial but *deny* direct appeal of adverse rulings of such Motions is not the holding of *Blanco* and has state and federal constitutionally dimensioned implications, preserved in the Court below and best addressed by this Court.

## **REQUEST FOR RELIEF**

Petitioner requests this Court grant review on the single ground urged. After granting discretionary review, briefing, and oral argument, Petitioner requests this Court reverse the Court of Appeals decision dismissing the appeal and remand for briefing on the merits.

---

[10] State's Response, pg. 14, *citing **Blanco***.

RESPECTFULLY SUBMITTED,

*LAW OFFICE OF LANE D. THIBODEAUX*
*P.O. Box 523*
*308 North Washington*
*Bryan, TX 77806*
*Telephone: (979)775-5700*
*Facsimile: (979)822-1979*
*Email: lanet1@msn.com*


BY: _____/s/_____
*LANE D. THIBODEAUX*
*State Bar No. 19834000*
**Attorney for Petitioner**

## CERTIFCIATE OF COMPLIANCE WITH TEX.R.APP.P. 9.4

This Petition for Discretionary Review complies with TEX.R.APP.P. 9.4(i)(2)(D) in that it contains 908 words, in Microsoft Word 2010, Times New Roman, 14 point.


_____/s/_____
LANE D. THIBODEAUX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been delivered *via* electronic filing on this the 5th day of June, 2015 to the following:

JESSICA ESCUE
Brazos County District Attorney's Office
Brazos County Courthouse
300 East 26th Street, Suite 310
Bryan, Texas 77803
Email: jescue@brazoscountytx.gov

State Prosecuting Attorney
information@spa.texas.gov

_____/s/_____
LANE D. THIBODEAUX